UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| STEVE MEDVE, | ) | CASE NO. 1:09 CV 0463 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

Before the court is pro se petitioner Steve Medve's Petition to Quash Summons pursuant to 26 U.S.C. § 7609(h). Mr. Medve seeks an order from this court quashing a summons issued by the Commissioner of Internal Revenue on February 9, 2009. For the reasons set forth below, the petition is denied.

BACKGROUND

A review of the attachments to the petition indicates that the Internal Revenue Service (I.R.S.) issued two summonses on February 9, 2009 to: Steve Medve in Amherst, Ohio and Diane Medve in Amherst, Ohio. The summonses were issued "In the matter of Steve J. Medve and Diane

Medve."[1] Mr. Medve contends the summonses must be quashed because it would be an abuse of the court's process "to force my testimony against the spirit of congressional provisions solely for the purpose of possible self-incrimination." (Pet. at 3.) Citing United States v. Powell, 379 U.S. 48 (1964), he argues the I.R.S. has failed all four tests set forth in the "most cited case[] regarding the enforceability of I.R.S. summons."[2] (Pet. at 1.) He adds that he is entitled to have a legal representative during any meeting with the I.R.S. and that the information the I.R.S. is seeking is already in the possession of the Commissioner for Internal Service.

### INTERNAL REVENUE SERVICE
### THIRD PARTY REVIEW

The I.R.S. is authorized, by statute, to examine any relevant documentation and summon any person in possession of any relevant information or documentation when conducting a tax investigation. See 26 U.S.C. § 7602(a). In that regard, the I.R.S. may serve a summons upon

---

[1] Mr. Medve identifies Diane Medve as his spouse.

[2] Powell is not relevant to facts in this case. Unlike the present petition, Powell involved a proceeding for judicial enforcement of an administrative summons of the I.R.S. pursuant to 26 U.S.C. § 7604(b), which provides:

> Whenever any person summoned under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt.

26 U.S.C. §7604(b). The Powell court explained that whether it determined the I.R.S. investigation was "conducted pursuant to a legitimate purpose, . . . the inquiry may be relevant to the purpose, . . . the information sought is not already within the Commissioner's possession, and . . . the administrative steps required by the Code have been followed," were all issues it would examine during the adversary hearing to which the taxpayer was entitled before enforcement of the summons was ordered. 379 U.S. at 58.

a third-party record keeper such as a bank or other financial institution in order to obtain financial records or information regarding a person who is the subject of an investigation by the I.R.S. 26 U.S.C. § 7609(a). Based on the facts alleged in this petition, section 7609 does not apply.

As a threshold matter, this court lacks jurisdiction over this matter. Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Mr. Medve asserts this court's jurisdiction pursuant to 26 U.S.C. § 7609(h), which states:

> (h) Jurisdiction of district court; etc.--
>
> > (1) Jurisdiction.--The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

26 U.S.C. § 7609(h)(emphasis added). The first relevant subsection states:

> (b) Right to intervene; right to proceeding to quash.--
>
> > (1) Intervention.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.
>
> > (2) Proceeding to quash.--
>
> > > (A) In general.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in

3

>  the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

26 U.S.C. § § 7609(b)(2). To be "entitled to notice of a summons under subsection (a)"<u>id.</u>, the I.R.S. must first issue a summons which "requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code . . . with respect to, <u>any person (other than the person summoned) who is identified in the summons</u>." 26 U.S.C. § 7609(a)(1). By definition, any proceeding brought under § 7609(b)(2) is asserted as a "right to intervene." To invoke that right, the party seeking to advance his or her right to quash a summons must do so based on that individual's status as "the taxpayer to whom the summons relates or the other person to whom the records pertain." 26 U.S.C. §7609(a)(3). While Mr. Medve is the subject of an I.R.S. investigation, no third party has been summoned to provide the I.R.S. relevant tax-related information regarding he or his wife. Under these circumstances, there is no indication the I.R.S. served a summons on a third-party record keeper, and Mr. Medve has not alleged that he received notice pursuant to § 7609 that a summons had been served on a third party. <u>See</u> <u>generally</u> 26 U.S.C. § 7609(a)(any person (other than person summoned) identified in the summons, shall be given notice of the summons within 3 days of the day on which service is made).

Mr. Medve falls within the exception section 7609 provides regarding tax payers who attempt to quash a summons issued directly to them. The statute provides:

>  (2) Exceptions.--This section shall not apply to any summons--
>
>  > (A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;

26 U.S.C. § 7609(c)(2)(A). Petitioner falls squarely within the exception to § 7609. Therefore, this court lacks jurisdiction over his petition.

## CONCLUSION

For the reasons set forth above, petitioner's Petition to Quash Summons is denied and this case is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: March 23, 2009                             *s/     James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE